IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRUSTMARK LIFE INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. __4:19-cv-00010_____ |
| MICHELLE A. FIGUEROA TARANTINO on behalf of minors A.G.T. and T.T., and DENISE L. TARANTINO, | § § § § § | |
| Defendants. | § § | |

## ORIGINAL COMPLAINT FOR INTERPLEADER

Plaintiff Trustmark Life Insurance Company ("Trustmark") files this Original Complaint for Interpleader, and states:

### I.    PARTIES

1.    **Plaintiff.**  Trustmark is an Illinois corporation with its principal place of business in Lake Forest, Illinois. Trustmark is a citizen of Illinois.

2.    **Defendant Michelle A. Figueroa, on behalf of, and in her capacity as legal guardian for, Minors A.G.T. and T.T.**  Defendant and claimant Michelle A. Figueroa Tarantino ("Michelle") is an individual and citizen of Texas, and currently resides at 1509 Brook Meadow Drive, La Porte, Harris County, Texas 77571.  Upon information and belief Michelle is the biological mother and legal guardian of minors A.G.T. and T.T.

3. **Defendant Denise L. Tarantino.** Defendant and claimant Denise L. Tarantino ("Denise") is an individual and citizen of Texas, and currently resides at 307 Sleepy Hollow Drive, Apt. 105, Cleveland, Liberty County, Texas 77327.

## II.   JURISDICTION AND VENUE

4. **Jurisdiction.** This Court has exclusive jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1). The life insurance benefits at issue are payable under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Trustmark, as a claims fiduciary, seeks to obtain equitable interpleader relief pursuant to 29 U.S.C. § 1132(a)(3)(B)(ii) to enforce the terms of the employee welfare benefit plan.

5. **Venue.** Venue is proper in this Court under 29 U.S.C. § 1132(e)(2), as one or more of the Defendants reside in or may be found in this district.

## III.   OPERATIVE FACTS

6. **The Policy.** Trustmark issued life insurance coverage to Tony Tarantino, (the "Insured") under group policy no. 24276 (the "Policy") by virtue of his employment with Line Construction Benefit Fund (the "Policy Holder"), as part of the Policy Holder's ERISA benefit plan. The Policy provided $20,000.00 in life insurance coverage in the event of death, subject to the terms thereof (the "Policy Proceeds"). The Policy provides that, unless changed, the beneficiary named in the application is the payee to whom Policy Proceeds are to be paid, and if no beneficiary is living or designated, then the Policy Proceeds will be paid to the first of the following beneficiary classes in which there is a surviving person: (1) spouse; (2) children; (3) parents; (4) brothers and sisters; and (5)

executors and administrators. Upon his enrollment in the Policy in 1992, the Insured designated his then wife, Denise, as the Policy's beneficiary.

7. **The First Divorce.** On January 17, 2003, the Insured and Denise became divorced upon entry of the final decree of divorce ordered by the 311th Judicial District Court in Harris County, Texas, Cause No. 2002-21606, *Tony Tarantino v. Denise Lynn Tarantino*. The divorce decree between the Insured and Denise does not identify or address the Policy.

8. **The Second Marriage & Beneficiary Change**. On or around March 8, 2003, the Insured married Michelle. On May 23, 2003, the Insured changed the Policy's beneficiary and designated Michelle as the beneficiary. He attached the marriage license issued in Harris County, Texas, evidencing his marriage to Michelle to the Policy's beneficiary designation form. This designation form made no mention of Denise, and effectively revoked Denise's beneficiary status. The Insured made no further beneficiary changes to the Policy. In addition, the Insured and Michelle had two children, A.G.T. and T.T. Upon information and belief, both children are currently minors.

9. **The Second Divorce**. On or around March 10, 2010, the Insured and Michelle became divorced upon entry of the final decree of divorce ordered by the 253rd Judicial District Court in Liberty County, Texas, Cause No. CV70765, *Tony Tarantino v. Michelle A. Tarantino*. It is not certain whether the divorce decree identifies or addresses the Policy. The Insured never changed, altered, or re-designated the Policy's beneficiary designation upon or after this divorce.

10. **Death of the Insured.** The Insured died on or around October 27, 2018.

11. **Trustmark's Possible Double or Multiple Liability.** Immediately after the Insured's death, Trustmark received a call from Denise requesting information regarding the Policy Proceeds, asserting herself as the Insured's spouse and the beneficiary under the Policy, and asserted entitlement to the Policy Proceeds. In response to Denise's claim to the Policy Proceeds, Trustmark obtained copies of the Insured's death certificate, marriage licenses, and court records regarding the Insured's marital status. Among the documents received, the public data and court records confirmed that the Insured obtained divorces from both Denise and Michelle prior to his death. None of the records reflected that the Insured and Denise ever remarried each other. However, the Insured's death certificate reflects that upon the Insured's death, the Insured was married to Denise. As a result, Trustmark is unsure of the Insured's marital status at the time of his death, which directly impacts the identity of the proper beneficiary(s) under the Policy. In accordance with the Policy, if the Insured died without any beneficiary available under the law or a lawful spouse, then the Policy Proceeds would become payable to A.G.T. and T.T. (the "Children"),[1] and Michelle would be the proper recipient of such proceeds as their legal guardian.

12. **Rival Claims.** Trustmark has reasonable doubt as to whom—Denise or the minor Children—is entitled to the Policy Proceeds. Because the Insured and Michelle became divorced prior to the Insured's death, Texas law automatically revokes Michelle's beneficiary status. *See* Tex. Fam. Code. Ann. § 9.301 (stating any designation of an

---

[1] Upon information and belief, the Insured's only children are A.G.T. and T.T.

insured's spouse or spouse's relative as a beneficiary under a life insurance policy is automatically revoked upon the insured's divorce from his or her spouse, unless otherwise explicitly stated otherwise in other governing documents, such as a divorce decree).[2] Since Michelle's status as the Policy beneficiary is revoked under Tex. Fam. Code. Ann. § 9.301, then there is no named beneficiary available under the Policy. Accordingly, the Policy language states that the next person entitled to the Policy Proceeds is the Insured's spouse—which would be Denise if the death certificate is accurate—and if there is no spouse, then the Policy Proceeds would be payable to the Children. Trustmark is uncertain on whether the Insured's death certificate is accurate, since Denise and the Insured obtained a divorce in 2003, and there is no evidence that they remarried each other at any point thereafter. If the Children are entitled to the Policy Proceeds, then the proper recipient of the Policy Proceeds would be Michelle as their legal guardian. Ultimately, Trustmark is uncertain regarding whether the Insured had a valid marriage to Denise at the time of his death. As a result, Trustmark seeks resolution of conflicting claims in good faith. Trustmark is or may be exposed to double or multiple liability. Trustmark has no interest whatsoever in the Policy Proceeds other than fulfilling its contractual obligation to pay the sums due to the appropriate party. Accordingly, Trustmark has no independent liability to any of the Defendants and is a disinterested stakeholder in this case. Trustmark therefore desires to interplead the Policy Proceeds. Trustmark admits liability for the Policy Proceeds, and tenders same to the Court.

---

[2] None of the exceptions to this statute took place, as the Insured did not re-designate Michelle as the Policy beneficiary after their divorce, and their divorce decree does not mention the Policy.

13. **Retention of Counsel.** As a result of the present controversy, Trustmark had to retain the undersigned counsel and has agreed to pay attorneys' fees and costs of Court.

## IV. CLAIMS FOR RELIEF

14. **Interpleader.** Trustmark has a good faith doubt as to whom the Policy Proceeds are owed. Trustmark admits its obligation to pay the Policy Proceeds, but cannot pay those Policy Proceeds in the face of possible competing claims without subjecting itself to the possibility of double or multiple liability. Trustmark is a disinterested stakeholder with respect to the Policy Proceeds and claims no beneficial interest therein, except for attorneys' fees and costs incurred in connection with this interpleader. Furthermore, Trustmark has no independent liability to any claimant in this interpleader. Trustmark shall, upon the granting of its interpleader, pay into the Registry of the Court the Policy Proceeds, together with any legal interest due thereon through the date of the interpleader.

15. **Attorneys' Fees.** Trustmark is entitled to its reasonable and necessary attorneys' fees and costs in connection with its claim for interpleader.

## V. PRAYER

16. **Relief Requested**. Trustmark respectfully requests the following relief:

   (a) That Defendants be served with process and be required to answer in the time and manner prescribed by law;

   (b) That Defendants be required to interplead and settle among themselves their rights and claims to the Policy Proceeds;

   (c) That the Court enter an order enjoining and restraining Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Policy involved in this interpleader action;

(d) That on final hearing, Defendants for themselves, their heirs, legal representatives, and assigns, and all other persons claiming by, through, or under them, be permanently enjoined and restrained from instituting or prosecuting any proceeding in any state or United States court against Trustmark relating to the Policy;

(e) That Trustmark be awarded its reasonable attorneys' fees and court costs in connection with the interpleader;

(f) That Trustmark be fully and finally discharged from further liability to Defendants, and all other persons claiming by, through, or under them; and

(g) That this Court grant all such other and further relief, both general and special, at law and in equity, to which Trustmark may show itself justly entitled.

Respectfully submitted,

By: /s/ Nicole H. Muñoz
Andrew G. Jubinsky
Texas Bar No. 11043000
Fed. I.D. No. 8603
andy.jubinsky@figdav.com
**Attorney-in-Charge**

Nicole H. Muñoz
Texas Bar No. 24098153
Fed. I.D. No. 2995810
nicole.munoz@figdav.com

**FIGARI + DAVENPORT, L.L.P.**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR PLAINTIFF
TRUSTMARK LIFE INSURANCE
COMPANY